**CHIEN–CHING CHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–72994.

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.*

Filed July 14, 2010.

Gang Zhou, Esquire, Law Offices of Gang Zhou, New York, NY, for Petitioner.

CAC–District Counsel, Esquire, Office of The District Counsel, Department of Homeland Security, Los Angeles, CA, Donald A. Couvillon, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of The District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

### MEMORANDUM **

Chien–Ching Cheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his second motion to reopen. We have jurisdiction under 8 U.S.C. § 1252.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We review for abuse of discretion the denial of a motion to reopen, *He v. Gonzales*, 501 F.3d 1128, 1130–31 (9th Cir.2007), and we review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The agency did not abuse its discretion in denying Cheng's motion to reopen as untimely because Cheng filed it over twelve years after the BIA issued its final removal order, *see* 8 C.F.R. § 1003.2(c)(2), and Cheng failed to demonstrate changed country conditions, including a change in laws or the enforcement of family planning laws, to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Lin v. Holder*, 588 F.3d 981, 988–989 (9th Cir. 2009); *He*, 501 F.3d at 1132.

Cheng's contention that the BIA violated due process by failing to consider the entirety of the evidence he submitted fails because he has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.